# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM KOWALSKY,<br><br>         Plaintiff,<br><br> v.<br><br>PARADISE HOSPITAL, et al.,<br><br>         Defendants. | Case no: 14-CV-1517 W (DHB)<br><br>**ORDER DENYING MOTION TO PROCEED** *IN FORMA PAUPERIS* **[DOC. 3]** |

On June 23, 2014, Plaintiff Kim Kowalsky commenced this civil rights action against various Defendants. Along with the Complaint, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP").

The determination of indigency falls within the district court's discretion. California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds*, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). It is well-settled that a party need not be completely destitute to proceed *in forma pauperis*. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs ... and still be able to provide himself and

dependents with the necessities of life." Id. at 339.  At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, ... the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar."  Temple v. Ellerthorpe, 586 F.Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses.  See, e.g., Stehouwer v. Hennessey, 851 F.Supp. 316, (N.D.Cal. 1994), *vacated in part on other grounds*, Olivares v. Marshall, 59 F.3d 109 (9th Cir. 1995) (finding that district court did not abuse discretion in requiring partial fee payment from prisoner with $14.61 monthly salary and $110 per month from family); Allen v. Kelly, 1995 WL 396860 at *2 (N.D. Cal. 1995) (Plaintiff initially permitted to proceed in forma pauperis, later required to pay $120 filing fee out of $900 settlement proceeds); Ali v. Cuyler, 547 F.Supp. 129, 130 (E.D. Pa. 1982) (in forma pauperis application denied: "plaintiff possessed savings of $450 and the magistrate correctly determined that this amount was more than sufficient to allow the plaintiff to pay the filing fee in this action.").  Moreover, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty."  United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981).

Having read and considered the papers submitted, the Court finds Plaintiff has failed to meet the requirements for IFP status under 28 U.S.C. § 1915.  While Plaintiff states that she has been unemployed since 1993, she currently receives $1,000 per month in social security income, and has a checking account with approximately $800 to $1,000.  (*App.*, ¶¶ 3–5.)  With respect to her outstanding debts, Plaintiff states that she is financing a 2014 Honda CRV and has outstanding medical bills that exceed $50,000.  (*Id.*, ¶¶ 6, 7.)  However, Plaintiff's total monthly expenses are unclear.  For example, she does not indicate how much she pays toward for her car payment or medical expenses, nor is there any indication whether she pays rent or a mortgage, or has any other monthly expenses.  In short, Plaintiff has not stated the facts as to her

poverty with sufficient "particularity, definiteness, and certainty." <u>McQuade</u>, 647 F.2d at 940. Absent those facts, it is unclear whether Plaintiff would be able to provide for herself if denied IFP status.

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion to proceed IFP [Doc. 3] and **DISMISSES** the Complaint. Plaintiff shall have until **July 14, 2014** to reinstate this case by paying the filing fee <u>or</u> submitting an amended IFP motion.

**IT IS SO ORDERED.**

**DATED: July 1, 2014**

Hon. Thomas J. Whelan
United States District Judge